

**Jeremy C. Hollembeak**

1700 Farnam Street
Suite 1500
Omaha, NE  68102-2068
Tel: 402.344.0500
Fax: 402.344.0588
Direct: 402-636-8317
jhollembeak@bairdholm.com
www.bairdholm.com

**MEMO ENDORSED**

November 13, 2024

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/19/2024

**VIA ECF**

Hon. Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square, Room 240
New York, NY 10007

      Re:    *Ex Parte* Application of Maria Claudia Beldi, Maria Ines Beldi and Antonio Fabio Beldi to Take Discovery for Use in a Foreign Proceeding, 24-mc-00421

Dear Judge Caproni:

      We represent Maria Heloisa Beldi and Maria de Lourdes Beldi de Alcantara ("**Maria Heloisa**" and "**Lourdes**," respectively, and together the "**Proposed Intervenors**"), whose rights and interests are implicated in the above-captioned discovery matter. On September 23, 2024, this Court issued an order in the above-referenced miscellaneous action (Dkt. 5, the "**Order**") granting the *ex parte* application pursuant to 28 U.S.C. § 1782 (Dkt. 1, the "**Application**") of Maria Claudia Beldi, Maria Ines Beldi, and Antonio Fabio Beldi ("**Applicants**"). The Order authorized the Applicants to take discovery from various financial institutions[1] for use in a disputed probate proceeding currently pending in São Paulo, Brazil ("**Brazilian Probate Proceedings**") concerning the estate of decedent Alexandre Beldi Netto ("**Alexandre**").

      We write to respectfully request that the Court permit the Proposed Intervenors to intervene as parties to this miscellaneous action. Maria Heloisa and Lourdes – like each of the three Applicants and three of the four individuals this Court has already authorized to intervene in this matter[2] – are children of Alexandre, heirs of his estate, and participants in the Brazilian Probate

---

[1] Specifically, the Order authorized the Applicants to issue subpoenas ("Subpoenas") issued to the Federal Reserve Bank of New York, The Clearing House Payments Company LLC, Citibank N.A., Deutsche Bank AG, HSBC Bank (USA) NA, JP Morgan Chase Bank N.A., Standard Chartered Bank, and The Bank of New York Mellon (collectively "Respondents").

[2] Specifically, Antonio Roberto Beldi, Marco Antonio Beldi and Maria Theresa Beldi de Souza (together with Thais Barros Beldi and various entities one or more of them own or manage, collectively, the "**Opposing Intervenors**"). The Court granted Opposing Intervenors request to intervene on October 23, 2024. *See* Dkt. 8.

Proceedings.  The Proposed Intervenors support the discovery sought by the Application, wish to receive for their own use in the Brazilian Probate Proceedings any and all productions made by the Respondents, and intend, if permitted to intervene, to oppose the pending motion by the Opposing Intervenors to vacate the Order and quash the Subpoenas (Dkt. 9, the "**Motion to Quash**").

Prior to filing this letter motion, the undersigned counsel contacted counsel of record for both the Applicants and the Opposing Intervenors and asked for their clients' positions on the Proposed Intervenors' request to intervene.  Counsel for the Applicants indicated that the Applicants consent.  Counsel for the Opposing Intervenors indicated that Opposing Intervenors do not consent.

As set forth below, the Proposed Intervenors should be permitted to intervene here as a matter of right under Rule 24(a) and also as a matter of the Court's discretion under Rule 24(b).

I.   **The Proposed Intervenors Should Be Permitted to Intervene As of Right.**

Under Federal Rule of Civil Procedure 24(a)(2), a Court must grant intervention where (1) the application is timely; (2) the applicant for intervention claims an interest relating to the property or transaction that is the subject of the action; (3) without intervention, the protection of that interest may be practically impaired or impeded by the disposition of the action; and (4) that interest is not adequately represented by the existing parties. *See United States v. New York*, 820 F.2d 554, 556 (2d Cir. 1987). "A motion to intervene as a matter of right . . . should not be dismissed unless it appears to a certainty that the intervener is not entitled to relief under any set of facts." *Bay Casino, LLC v. M/V Royal Empress*, 199 F.R.D. 464, 467 (E.D.N.Y. 1999). Courts routinely grant intervention as of right in cases involving requests for judicial assistance under 28 U.S.C. § 1782. *See, e.g.*, *In re Rep. of Kazakhstan for an Order Directing Discovery from Clyde & Co. LLP Pursuant to 28 U.S.C. § 1782,* 110 F. Supp. 3d 512, 514 (S.D.N.Y. 2015) (permitting intervention as of right in § 1782 action). Here, each statutory requirement for intervention as of right are met.

First, the Proposed Intervenors' intervention is timely. The timeliness of a motion to intervene is committed to the discretion of the district court and must be based on all circumstances of the case. *Dow Jones & Co., Inc. v. U.S. Dep't of Justice*, 161 F.R.D. 247, 251 (S.D.N.Y. 1995). Non-exhaustive factors that guide a timeliness analysis include "(1) the length of time the applicant knew or should have known of his interest before making the motion; (2) prejudice to existing parties resulting from the applicant's delay; (3) prejudice to the applicant if the motion is denied; and (4) the presence of unusual circumstances militating for or against a finding of timeliness." *Farmland Dairies v. Comm'r of New York State Dep't of Agric. & Markets*, 847 F.2d 1038, 1043 (2d Cir. 1988).  The Proposed Intervenors were formally notified of the Application when their Brazilian counsel received formal notice of the same on or about October 15, 2024, less than one month before this intervention request. *See In re Hornbeam Corp.*, No. 14-mc-00424, 2015 WL 13647606, at *3 (S.D.N.Y. Sept. 17, 2015) (finding motion to intervene timely where non-party filed a motion within a month of discovering the 1782 proceedings).  Moreover, the timing of the requested intervention will not materially delay or prejudice the rights of any existing parties.  The

Proposed Intervenors are in the process of preparing papers in opposition to the Motion to Quash and, subject to being permitted to intervene, intend to finalize and file such papers with the Court by the November 20, 2024 deadline established by the Court. *See* Dkt. 8.

Second, Maria Heloisa and Lourdes, as two of Alexandre's children, heirs to his estate and active participants in the Brazilian Probate Proceedings – clearly have an interest in this action, in which discovery has been sought for use in the Brazilian Probate Proceedings to demonstrate that Alexadnre's estate has not been and is not being apportioned among his children fairly and in accordance with applicable law. Thus, "[i]n this dispute, [Proposed Intervenors] surely ha[ve] an interest." *See Esses v. Hanania*, 101 F.3d 873, 875 (2d Cir. 1996) (rejecting argument that "a potential beneficiary of an estate should not be recognized as an interested party" where beneficiary who sought § 1782 discovery was also party to the foreign proceedings); *accord, Akebia Therapeutics, Inc. v. FibroGen, Inc.*, 793 F.3d 1108, 1110, 2015 WL 4284817, at *2 (9th Cir. July 16, 2015) (rejecting argument that applicant was not "interested person" where it was "a party to the foreign proceedings underlying this case").

Both the third and fourth factors of a Rule 24(a) analysis also support intervention as of right. A "putative intervenor's burden of demonstrating inadequacy of representation is generally speaking minimal." *Sec. & Exch. Comm'n v. Xia*, No. 21CV5350PKCJAM, 2024 WL 964676, at *12 (E.D.N.Y. Mar. 4, 2024) (*quoting Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972)) (cleaned up). Here, Maria Heloisa and Lourdes are individual heirs entitled to their own individual representation, legal strategy and prerogative in the Brazilian Probate Proceedings and, in turn, this 1782 action. This very fact is demonstrated by their being made aware of their siblings' Application after the fact and their appearance in this matter through separate counsel.[3] Thus, their interests in this 1782 action cannot be adequately protected by their siblings and fellow heirs as a matter of law, even those siblings (*i.e.* the Applicants) with which they share the position generally that the Order and Subpoenas should be enforced and the Motion to Quash denied. Moreover, as a matter of fact, the Proposed Intervenors have had and continue to have disagreements with their siblings and fellow heirs, including the Applicants, in the Brazilian Probate Proceedings. For example, Maria Heloisa and Lourdes have certain disagreements with the male heirs of Alexandre's estate, including Applicant Antonio Fabio Beldi, with respect to gifted interests in various companies comprising the Splice Group. Accordingly, the Proposed Intervenors' submit the potential for their interests to be impaired without their participation in this 1782 action is beyond dispute.

Counsel for the Opposing Intervenors has explained that his clients oppose intervention by Maria Heloisa and Lourdes because they are "identically situated" to Applicants. However, as noting in Opposing Intervenors' own briefing, sibling Antonio Fabio Beldi (an Applicant in this proceeding) was originally aligned with Opposing Intervenors in their opposition to a discovery request made by Applicants Maria Claudia Beldi and Maria Ines Beldi in a prior Section 1782 proceeding in the Southern District of Florida. But then while that proceeding was pending, Maria Claudia Beldi, Maria Ines Beldi "switched his allegiance to Applicants." *See* Dkt. 10, at 5, n.2.

---

[3] In fact, the Proposed Intervenors were in the process of switching legal counsel in Brazil at the time they received formal notification of the Application and Order by Applicants.

Just as in that proceeding, Opposing Intervenors' opinion that the Proposed Intervenors and the Applicants are "identically situated" – even were it true as of today (it's not) – may not be true tomorrow. Furthermore, the mere fact that Maria Heloisa and Lourdes desire the same general outcome in this proceeding – that the Subpoenas be enforced – does not necessarily mean they presently or at all times going-forward will agree on how best to achieve that outcome. Simply put, Opposing Intervenors' speculation as to the ability of the Applicants to adequately represent the interests of the Proposed Intervenors is not a sufficient basis to deny Proposed Intervenors' request to intervene, thereby denying their ability to participate in an action that will clearly impact their rights in the Brazilian Probate Proceedings.

Finally, out of respect for judicial resources, the Proposed Intervenors agree in good faith to coordinate their efforts in this proceeding with those of the Applicants, to avoid duplicative argumentation, motion practice, etc. Additionally, Proposed Intervenors will not oppose reasonable accommodations requested by Opposing Intervenors and agreeable to the Court (*e.g.*, an appropriate increase in the page-limit for their forthcoming reply brief in support of the Motion to Quash).

For all these reasons, the requirements for intervention as of right are satisfied here.

## II.    The Proposed Intervenors Should Be Permitted to Intervene in Court's Discretion.

Alternatively, Maria Heloisa and Lourdes should be allowed to intervene pursuant to Federal Rule of Civil Procedure 24(b), which authorizes the district court to "permit anyone to intervene who … has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B); *see also Comer v. Cisneros*, 37 F.3d 775, 801 (2d Cir. 1994) (finding intervention proper where intervenors had claims that presented common issues of fact and identical issues of law as those of the original plaintiffs, and intervention would not unduly delay or prejudice the adjudication of the rights of the original parties). The Proposed Intervenors' interest in protecting their rights and ensuring the equitable distribution of Alexandre's Estate provide compelling reasons for the Court to allow Maria Heloisa and Lourdes to permissively intervene to support the Application and Order and obtain the information sought from Respondents for their own use in the Brazilian Probate Proceedings. Indeed, courts have routinely granted motions to intervene in 28 U.S.C. § 1782 proceedings under Federal Rule 24(b). *See, e.g., In re Hornbeam Corp.*, 2015 WL 13647606 at *3 (granting motion to permissively intervene in 28 U.S.C. § 1782 proceeding); *De Leon v. Clorox Co.*, No. 19-mc-80296-DMR, 2020 WL 4584204, at *4 (N.D. Cal. Aug. 10, 2020) (same).

\*    \*    \*    \*    \*

For the reasons outlined above, Maria Heloisa and Lourdes respectfully request that this Court grant their request to intervene as parties in this action.

        Very truly yours,

        Jeremy C. Hollembeak
        FOR THE FIRM

CC: Counsel of record for Applicants and Opposing Intervenors (via ECF)

Crrnkecvkqp"I TCP VGF0"Maria Heloisa and Lourdes may intervene"rwtuwcpv"vq"Hgfgtcn"Twng"qh"Ekxkn" Rtqegfwtg"46*d+0

Vjg"Eqwtv"cempqy ngfi gu"vjcv"kpvgtxgpvkqp"cu"qh"tki jv"pursuant to Rule 24(a) might not be appropriate0 Pgxgtvjgnguu."\$]vjg"fkuvtkev"eqwtvu"fkuetgvkqp\$"vq"cnqy "rgto kuukxg"kpvgtxgpvkqp under Rule 24(b)"\$ku"xgt{" dtqcf0\$"Ekk{gpu"Ci ckpuv"Ecukpq"I co dnkpi "kp"Gtkg"Epv{0"x0"J qi gp."639"H0"Crrx"4;.751"*4f"Ekt0"4233+" *swqvkpi "J0N0"J cfgp"Eq0"qh"Pgy "[qtm"x0"Ukgo gpu"Ogf0"U{u0"Koe0"9;9"H04f":7.":;"*4f"Ekt0";;8+0"Vjg" Eqwtv"o c{"rgto kv"kpvgtxgpvkqp"yjgtg"vjg"o qxcpv"vq"kpvgtxgpg"\$jcu"c"encko "qt"fghgpug"vjcv"ujctgu"ykj "vjg" o ckp"cevkqp"c"eqo o qp"swguvkqp"qh"ncy "qt"hcev\$"cpf"y jgtg"\$vjg"kpvgtxgpvkqp"y knn"]pqv\_"wpfw n{"fgnc{"qt" rtglwfkeg"vjg"cflwfkecvkqp"qh"vjg"qtki kpcn rctvkgu)"tki jvu0\$"Hgf0T0Ekx0Rtq0"46*d+0"Jgtg."vjg"Rtqrqugf " Kpvgtxgpqtu"jcxg"ctkewncvgf "c"fktgev"kpvgtguv"kp"vjg"ng{"swguvkqp"qh"vjku"nkkki cvkqp"*yjgvjgt"vq"i tcpv"vjg" Crrnkecpvu)"fkueqxgt{"tgswguv+"cpf neither the Applicants nor the current Intervenors have articulated any reason to believe that the Proposed Intervenors' participation will result in meaningful delay or prejudice0 I kxgp"vjg"nqpi "cpf "eqo rnkecvgf "jkuvqt{"qh"vjg"wpfgtn{kpi "fkurwg."cpf "vjg"hcev"vjcv"vjg"various concerned parties jcxg"uggp"vjgkt"kpvgtguvu"gxqnxg"qxgt"vjg"eqwtug"qh"those rtqeggfkpi u."kv"ku"tgcuqpcdng"hqt"vjg"Maria Heloisa and Lourdes vq"seek to represent their own interests here.

To avoid delay and to minimize duplicative arguments, Maria Heloisa and Lourdes's opening brief must not exceed 10 pages and must be filed not later than **Tuesday, December 3, 2024**. The original Intervenors must file a single opposition brief, not to exceed 30 pages, in response to both the initial motion and Maria Heloisa and Lourdes's brief not later than **Tuesday, December 17, 2024**. Replies must be filed not later than **Friday, December 27, 2024**. The original Applicants and Maria Heloisa and Lourdes are strongly encouraged to file a joint reply, but if they cannot agree as to its content, they may file separate replies, not to exceed 10 pages each.

SO ORDERED.

_Valerie Caproni_    11/19/2024

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE