**quinn emanuel** trial lawyers | washington, dc

1300 I Street NW, Suite 900, Washington, District of Columbia 20005-3314 | TEL (202) 538-8000 FAX (202) 538-8100

**MEMO ENDORSED**

WRITER'S DIRECT DIAL NO.
**(202) 538-8183**

WRITER'S EMAIL ADDRESS
fritzscanlon@quinnemanuel.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/25/2024

November 22, 2024

VIA ECF

Hon. Valerie E. Caproni
United States District Judge
U.S. District Court for the Southern District of New York
40 Foley Square, Room 240
New York, NY 10007

    Re:   *In re Ex Parte Application of Maria Claudia Beldi, Maria Ines Beldi and Antonio Fabio Beldi to Take Discovery for Use in a Foreign Proceeding*, Case No. 24-mc-00421 (VEC)

Dear Judge Caproni:

    Antônio Roberto Beldi, Marco Antônio Beldi, Maria Theresa Beldi de Souza, Thais Barros Beldi, and several companies that one or a combination of them control[1] (collectively, "First Intervenors"), through their undersigned counsel, hereby respectfully submit this letter motion to clarify the briefing schedule in this case. Counsel for Intervenors has conferred with counsel for Applicants and counsel for Second Intervenors (Maria Heloisa Beldi and Maria de Lourdes Beldi de Alcantara). Applicants and Second Intervenors do not believe any clarification is necessary. Their position is set forth more fully below.

    **Background**: On September 10, 2024, Applicants filed an *ex parte* Section 1782 application, and the Court granted it on September 23, 2024. (Doc. Nos. 1, 5.) The Court set a briefing schedule for the Section 1782 proceeding where motions to quash would be due by November 6, 2024, responses by November 20, 2024, and replies by November 27, 2024. (Doc. 5.) On October 21, 2024, First Intervenors filed a motion to intervene for the purpose of moving to quash and vacate the Court's order granting the Section 1782 application. (Doc. No. 7.) The

---

[1] Those entities are Agro Pecuária Beldi Ltda., Brookline Investments Ltd., Calas Participações Ltda., Credibel Corretora de Seguros S.A., Credibel Holding Financeira S.A., CSM Cartões de Segurança Ltda., Ficus Empreendimentos Imobiliários Ltda., Morus Educacional Participações S.A., Morus Empreendimentos Imobiliários Ltda., Santana Participações Ltda., Sapoti Empreendimentos Imobiliários S.A., Selte Serviços Elétricos Telefônicos Ltda., Splice do Brasil - Telecomunicações e Eletrônica S.A., and Tolvi Participações S.A.

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

Court granted that motion, and First Intervenors filed their motion to quash and vacate on November 6, 2024. (Doc. Nos. 8, 9, 10.)

On November 13, 2024, Second Intervenors filed a letter motion to intervene as parties to this proceeding, to support the discovery being sought and obtain all documents and information that are produced for their own use the Brazilian proceedings, and to oppose the pending motion to vacate and quash. (Doc. No. 14.) On November 19, 2024, the Court granted that the motion to intervene and set the following briefing schedule:

> To avoid delay and to minimize duplicative arguments, Maria Heloisa and Lourdes's opening brief must not exceed 10 pages and must be filed not later than **Tuesday, December 3, 2024**. The original Intervenors must file a single opposition brief, not to exceed 30 pages, in response to both the initial motion and Maria Heloisa and Lourdes's brief not later than **Tuesday, December 17, 2024**. Replies must be filed not later than **Friday, December 27, 2024**. The original Applicants and Maria Heloisa and Lourdes are strongly encouraged to file a joint reply, but if they cannot agree as to its content, they may file separate replies, not to exceed 10 pages each.

(Doc. No. 16.)

**Request for Clarification**: First Intervenors respectfully request clarification on the substance of what the Court expects the parties to file. In particular, First Intervenors are confused by the Court's order directing Second Intervenors (Maria Heloisa and Lourdes) to file an "opening brief" of not more than 10 pages. The only motion on file is First Intervenors' motion to quash, which Applicants were originally scheduled to oppose on November 20, 2024, and which Second Intervenors also wish to oppose.[2] First Intervenors are likewise confused by the Court's order directing First Intervenors to file a single opposition brief. Again, the only motion on file is First Intervenors' motion to quash and vacate. Applicants have no pending brief on file. First Intervenors respectfully request clarification on what the Court expects the parties to file to ensure that First Intervenors do not inadvertently submit a brief that deviates from the Court's expectations.

**Applicants' and Second Intervenors' Position.** Applicants and Second Intervenors do not believe that clarification is necessary, as the Court's order is clear, and counsel for the parties confirmed with Chambers that the briefing schedule set out in Doc. 16 supplants the previous briefing schedule set out in Doc. 5.

**First Intervenors' Concerns**: First Intervenors are concerned that the briefing schedule in the Court's November 19 order could have several potentially unintended consequences, depending on how it is interpreted. If it is interpreted such that (a) the "opening brief" is Second

---

[2] To be sure, First Intervenors are not arguing that Applicants missed a deadline or otherwise failed to file a timely opposition to First Intervenors' motion to vacate and quash. Counsel for all parties were informed by chambers that no brief was due on November 20, 2024.

Intervenors' opportunity to argue in support of the Section 1782 application, and (b) the "opposition brief" is First Intervenors' only opposition to both that "opening brief" and Applicants' Section 1782 application, then (c) the Court's November 19 order would treat First Intervenors' pending motion to vacate and quash as though it had never been filed.

Second, such an interpretation would deprive First Intervenors of any ability to reply. This latter consequence is particularly concerning because the bulk of Applicants' and Second Intervenors' additional briefing would be after First Intervenors file their "opposition brief"—a brief that will likely contain many of the same arguments contained in First Intervenors' current motion to vacate and quash.

Third, and finally, such an interpretation would result in First Intervenors having five fewer pages of briefing, despite now being adverse to additional parties who are able to file additional rounds of briefing. (Originally, First Intervenors would have 25 pages for their motion to vacate and quash and 10 pages for their reply in support of that motion.)[3]

If the interpretation set out above is the Court's intent, First Intervenors will of course comply. First Intervenors simply seek clarification on the issue. In addition, if the above interpretation is correct, First Intervenors respectfully request that Applicants and Second Intervenors be strictly limited to the arguments set forth in the Section 1782 application and in the "opening brief," since they would have the benefit of seeing the bulk of First Intervenors' likely arguments before they file.

\*   \*   \*

First Intervenors therefore respectfully request clarification on the substance of what the Court expects the parties to file to ensure that First Intervenors do not inadvertently submit anything that deviates from the Court's expectations.

Should the Court confirm that briefing will follow the sequence set out in Doc. 16, the parties jointly request that the Court reset the deadlines as set out below, so that briefing may be complete by December 20, 2024:

- Opening brief for Second Intervenors: not later than **Tuesday, November 26, 2024** (not exceeding 10 pages).

- Single opposition brief for First Intervenors: not later than **Tuesday, December 12, 2024** (not exceeding 35 pages).

---

[3] Counsel for Applicants and Second Intervenors have both indicated that their respective clients are not opposed to First Intervenors getting an additional five pages (i.e. up to 35 pages total) for their "opposition brief" to be filed on December 17, 2024 under the Court's November 19 schedule.

- Replies: not later than **Friday, December 20, 2024** (10 pages for Applicants and 10 pages for Second Intervenors, or 20 pages for joint brief)

Very truly yours,

*John Scanlon*

John ("Fritz") Scanlon

cc: All Counsel of Record (Via ECF)

---

The Court appreciates that framing the First Intervenors' motion to quash as an "opposition" to the application was inaccurate. Accordingly, the Court vacates the briefing schedule set forth in its previous order (Dkt. 16), and orders the following:

Not later than **Thursday, December 12, 2024**, the Applicants and the Second Intervenors must file an opposition to the motion to quash. The opposition to the motion to quash must not exceed 35 pages and the Court encourages the Applicants and the Second Intervenors to file a joint brief. Not later than **Thursday, January 9, 2025**, the First Intervenors must file a reply brief that may not exceed 20 pages.

SO ORDERED.

*Valerie Caproni*   11/25/2024

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

4