KING & RUIZ
LITIGATION BOUTIQUE

MEMO ENDORSED

July 16, 2026

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 07/17/2026

*VIA ECF*

Honorable Valerie E. Caproni
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**Re:** ***In re Ex Parte Application of Maria Claudia Beldi, Maria Ines Beldi, and Antônio Fabio Beldi to Take Discovery for Use in a Foreign Proceeding*, Case No. 24-mc-00421-VEC-VF**

Dear Judge Caproni:

My firm represents Applicants Maria Claudia Beldi, Maria Ines Beldi, and Antônio Fabio Beldi ("Applicants") in the above-captioned matter. I write to respectfully request that the Court authorize Applicants to issue revised subpoenas to Deutsche Bank Trust Company Americas and The Clearing House Payments Company LLC ("The Clearing House"). Maria Heloisa Beldi and Maria de Lourdes Beldi de Alcantara ("Supporting Intervenors") join in this request. Opposing Intervenors do not oppose this request.[1] The proposed revised subpoenas are attached as Exhibits A and B hereto.

As to Deutsche Bank Trust Company Americas, Applicants previously "served a subpoena on Deutsche Bank AG, but in response to the subpoena, Deutsche Bank AG advised that the appropriate entity to respond to the subpoena is Deutsche Bank Trust Company Americas." (*See* ECF No. 55 (R&R) at 12 n.13 (citing ECF No. 24-2 at 1).) Accordingly, Judge Figueredo "recommend[ed] that the Applicants be directed to amend the subpoena originally issued to Deutsche Bank AG to identify the correct entity, Deutsche Bank Trust Company Americas." (*Id.*

[1] "Opposing Intervenors" are Roberto Beldi, Marco Antônio Beldi, Maria Theresa Beldi de Souza, Thais Barros Beldi, and several companies that one or a combination of them control (the "Target Companies"). The Target Companies are Agro Pecuária Beldi Ltda., Brookline Investments Ltd., Calas Participações Ltda., Credibel Corretora de Seguros S.A., Credibel Holding Financeira S.A., CSM Cartões de Segurança Ltda., Ficus Empreendimentos Imobiliários Ltda., Morus Educacional Participações S.A., Morus Empreendimentos Imobiliários Ltda., Santana Participações Ltda., Sapoti Empreendimentos Imobiliários S.A., Selte Serviços Elétricos Telefônicos Ltda., Splice do Brasil - Telecomunicações e Eletrônica S.A., and Tolvi Participações S.A. Applicants seek records relating to all these companies in the subpoenas issued pursuant to the Section 1782 application (collectively, the "Target Companies"). (*See* ECF 2-1, Ex. A at § I.3.)

**Gabriela M. Ruiz | King & Ruiz LLP | 201 S. Biscayne Blvd., Suite 1460 | Miami, FL 33131**
**+1 (305) 395-4984 | gruiz@kingruiz.com**

at 26.) By its May 21, 2026 Opinion & Order, "the Court ADOPT[ED] the R&R in full[.]" (ECF No. 58 at 1.) Accordingly, Applicants respectfully request that the Court authorize them to serve the revised subpoena on Deutsche Bank Trust Company Americas attached as Exhibit A hereto. There are no substantive changes from the prior subpoena. (*See* ECF No. 2-4.)

As to The Clearing House, after issuance of the Court's Opinion & Order, the undersigned sent a copy of the Opinion & Order, as well as a copy of Judge Figueredo's Report & Recommendation, to The Clearing House's representative by email. In response, that representative requested that the subpoena be reissued in light of changes to counsel for Applicants since the original subpoena had been issued. She also suggested that Applicants include a specific date range and narrow the language of the request in the subpoena. Accordingly, Applicants respectfully request that the Court authorize them to serve the revised subpoena on The Clearing House attached as Exhibit B hereto. (*See* ECF No. 2-2.)

I thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Gabriela M. Ruiz*
Gabriela M. Ruiz
*Counsel for Applicants*
(admitted *pro hac vice*)

cc: All counsel of record (via ECF)

Application GRANTED. Applicants are authorized to issue the revised subpoenas attached hereto as Exhibits A and B.

The Clerk of Court is respectfully directed to close the open motion at Dkt. 63.

SO ORDERED.



07/17/2026

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

**Gabriela M. Ruiz | King & Ruiz LLP | 201 S. Biscayne Blvd., Suite 1460 | Miami, FL 33131**
**+1 (305) 395-4984 | gruiz@kingruiz.com**

# Exhibit A

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | | |
|---|---|---|
| IN RE: EX PARTE APPLICATION OF MARIA CLAUDIA BELDI, MARIA INES BELDI, AND ANTONIO FABIO BELDI TO TAKE DISCOVERY FOR USE IN A FOREIGN PROCEEDING UNDER 28 U.S.C. § 1782 | ) ) ) ) ) ) | Civil Action No. 24-mc-00421-VEC-VF |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Deutsche Bank Trust Company Americas

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A, attached.

| Place: 45 Rockefeller Plaza, 20th Floor, New York, NY 10111 | Date and Time: |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ________________

*CLERK OF COURT*

OR

______________________________ ______________________________

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Applicants, who issues or requests this subpoena, are:

Gabriela Ruiz c/o Stephen Halpin, King & Ruiz LLP, 45 Rockefeller Plz, 20th Fl, New York, NY 10111
(212) 500-0914

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 24-mc-00421-VEC-VF

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________________
on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ____________________
______________________________________________________________
______________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________________
______________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ________________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

### I. Definitions

1. All words, terms, and phrases not specifically defined in this Exhibit A are to be given their normal and customary meaning in the context in which they are used herein.

2. "Documents" is synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal Rule of Civil Procedure, and includes, without limitation, all drafts; communications; correspondence; memoranda; records; reports; books; reports and/or summaries of conversations or interviews; diaries; graphs; charts; diagrams; tables; photographs; recordings; tapes; microfilms; minutes; summaries, reports and records of meetings or conferences; records and reports of consultants; press releases; stenographic, handwritten or other notes; checks, front and back; check vouchers, check stubs or receipts; wire transfer requests, approvals, orders, messages and confirmations, including but not limited to automated clearing house ("ACH") transactions; payment messages; tape data sheets or data processing cards or discs or any other written, printed, typewritten or otherwise recorded matter, however produced, reproduced, whether or not now in existence; any paper or writing including files, contracts, correspondence, telegrams, agreements, letters, notes, manuals, forms, brochures, drawings, and other data or data compilation of any sort, stored in any medium from which information can be obtained either directly or, if necessary, after translation by You into a reasonably usable form; and electronically stored information, including without limitation any information that is generated, received, processed and recorded by computers and other electronic devices including without limitation any voicemails or other audio files, any video files and images and any text messages; internal or external web sites; output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs, outlines,

electronic mail, instant messages, and all miscellaneous media on which they reside and regardless whether said electronic data exists in an active file, an archive file, a deleted file, or file fragment; and activity listings of electronic mail receipts and/or transmittals; and any and all items stored on computer memories, flash drives, hard disks, floppy disks, CD-ROM, ZIP drives, magnetic tape, microfiche, or on any other media for digital data storage or transmittal such as but not limited to any mobile device, or personal digital assistant. A draft or non-identical copy of any document, whether due to the addition of marginalia or other change, is a separate document within the meaning of this term. Where the electronic and hard copy versions of any document are separate documents per this definition, both the electronic and hard copy versions should be produced.

3. "Entity and/or Individual" and/or "Entities and/or Individuals" refer to each of the following entities or individuals and extends to any material portion of such names:

a. Agro Pecuária Beldi Ltda.

b. Alexandre Beldi Netto

c. Antonio Roberto Beldi

d. Banco Credibel S.A.

e. Bayham Holdings LLC

f. Belan Limited

g. Beldi Comercio Participações e Representações Ltda

h. Brookline Investments Ltd.

i. Calas Participações Ltda.

j. Camargan Investments Limited

k. Camden Group Investments Limited

l. Chatterton Management Group Limited

m. Credibel Corretora de Seguros S.A.

n. Credibel Holding Financeira S.A.

o. CSM Cartões de Segurança Ltda.

p. Dean Court Limited

q. Delacroix Limited

r. Dresden Group O&G Mgt Ltd

s. Farringdon Investments Limited

t. Ficus Empreendimentos Imobiliários Ltda.

u. Freegold S.A.

v. Heloisa Wey Beldi

w. Kennington Fund Limited

x. Kennington Limited

y. Marco Antonio Beldi

z. Maria Teresa Beldi de Souza

aa. Morus Educacional Participações S.A.

bb. Morus Empreendimentos Imobiliários Ltda.

cc. Pacific Bank Limited

dd. Santana Participações Ltda.

ee. Santana Participações S.A.

ff. Sapoti Empreendimentos Imobiliários S.A.

gg. Selte Serviços Elétricos Telefônicos Ltda.

hh. Splice do Brasil - Telecomunicações e Eletrônica Ltda.

ii. Splice do Brasil - Telecomunicações e Eletrônica S.A.

jj. Strutton Fund Limited

kk. Thais Barros Beldi

ll. Tolvi Participações S.A.

mm. Wendee Inc.

nn. Wivenhoe Holdings Limited

4. “Including” has its standard meaning and also means “including, but not limited to” and “including, without limitation.”

5. “You” and “Your” refers to Deutsche Bank Trust Company Americas and any of its subsidiaries, affiliates, predecessors, successors, assignees, officers, directors, employees, representatives, and partners or anyone acting for or on its behalf.

## II. <u>Instructions</u>

1. This subpoena is to be regarded as continuing in nature, so that further and more complete and supplemental responses must be provided if you obtain further, more complete, or new information or documents prior to the final disposition of this matter.

2. All documents produced pursuant to this subpoena must be produced as they are kept in the usual course.

3. If a document is redacted or not produced on the ground that it is privileged and therefore not subject to disclosure, the following information must be supplied for each document:

a. the nature of the privilege being claimed;

b. the type of document;

c. general subject matter of the document;

d. the date of the document; and

e. other such information as is sufficient to identify the document including where appropriate, the author(s) of the document, the addressee(s) of the document, the identity of any person who had an opportunity to review such document and, where not apparent, the relationship of the author and the addressee to each other.

4. If any portion of any document is responsive to any document request of this subpoena, the entire document must be produced.

5. All documents are to be produced in the form and in the same order within each file in which they existed prior to production, and the file folders, boxes, or other containers or bindings in which such documents are found are to be produced intact, including the title, labels, or other descriptions of each such folder, box, or other binding container.

6. All documents which cannot be legibly copied must be produced in their original forms.

7. All electronically stored information responsive to this subpoena that are maintained in the usual course in electronic format shall be produced in their native format along with the software necessary to interpret such files if such software is not readily available, with the metadata normally contained within such documents, and the necessary load files. If such metadata is not available, each document shall be accompanied by a listing of all file properties concerning such document, including, but not limited to, all information concerning the date(s) the document was last accessed, created, modified, or distributed, and the author(s) and recipient(s) of the document.

## III. <u>Documents to be Produced</u>

**YOU ARE HEREBY COMMANDED** to produce at said time and place all Documents and Communications, as defined above, relating to the following subjects:

1. All Documents and Communications relating to any payment, transaction, transfer, conveyance, wire, debit, credit, payment messages and/or payment orders to, from, for the benefit of, on behalf of, or at the request of any of the Individuals and/or Entities.

**IF THE ESTIMATED CHARGE FOR COPYING THE RECORDS EXCEEDS $500.00, PLEASE CONTACT THIS OFFICE BEFORE PREPARING THE COPIES.**

# Exhibit B

*AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action*

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | | |
|---|---|---|
| IN RE: EX PARTE APPLICATION OF MARIA CLAUDIA BELDI, MARIA INES BELDI, AND ANTONIO FABIO BELDI TO TAKE DISCOVERY FOR USE IN A FOREIGN PROCEEDING UNDER 28 U.S.C. § 1782 | ) ) ) ) ) ) | Civil Action No. 24-mc-00421-VEC-VF |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: The Clearing House Payments Company LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A, attached.

| Place: 45 Rockefeller Plaza, 20th Floor, New York, NY 10111 | Date and Time: |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ________________

*CLERK OF COURT*

OR

________________________ ________________________

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Applicants, who issues or requests this subpoena, are:

Gabriela Ruiz c/o Stephen Halpin, King & Ruiz LLP, 45 Rockefeller Plz, 20th Fl, New York, NY 10111
(212) 500-0914

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 24-mc-00421-VEC-VF

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________________
on *(date)* ____________ .

❐ I served the subpoena by delivering a copy to the named person as follows: ______________
______________________________________________________________
______________________________________ on *(date)* ______________ ; or

❐ I returned the subpoena unexecuted because: ______________________________
______________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**<u>EXHIBIT A</u>**

## I. <u>Definitions</u>

1. All words, terms, and phrases not specifically defined in this Exhibit A are to be given their normal and customary meaning in the context in which they are used herein.

2. "Documents" is synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal Rule of Civil Procedure, and includes, without limitation, all drafts; communications; correspondence; memoranda; records; reports; books; reports and/or summaries of conversations or interviews; diaries; graphs; charts; diagrams; tables; photographs; recordings; tapes; microfilms; minutes; summaries, reports and records of meetings or conferences; records and reports of consultants; press releases; stenographic, handwritten or other notes; checks, front and back; check vouchers, check stubs or receipts; wire transfer requests, approvals, orders, messages and confirmations, including but not limited to automated clearing house ("ACH") transactions; payment messages; tape data sheets or data processing cards or discs or any other written, printed, typewritten or otherwise recorded matter, however produced, reproduced, whether or not now in existence; any paper or writing including files, contracts, correspondence, telegrams, agreements, letters, notes, manuals, forms, brochures, drawings, and other data or data compilation of any sort, stored in any medium from which information can be obtained either directly or, if necessary, after translation by You into a reasonably usable form; and electronically stored information, including without limitation any information that is generated, received, processed and recorded by computers and other electronic devices including without limitation any voicemails or other audio files, any video files and images and any text messages; internal or external web sites; output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs, outlines,

electronic mail, instant messages, and all miscellaneous media on which they reside and regardless whether said electronic data exists in an active file, an archive file, a deleted file, or file fragment; and activity listings of electronic mail receipts and/or transmittals; and any and all items stored on computer memories, flash drives, hard disks, floppy disks, CD-ROM, ZIP drives, magnetic tape, microfiche, or on any other media for digital data storage or transmittal such as but not limited to any mobile device, or personal digital assistant. A draft or non-identical copy of any document, whether due to the addition of marginalia or other change, is a separate document within the meaning of this term. Where the electronic and hard copy versions of any document are separate documents per this definition, both the electronic and hard copy versions should be produced.

3. "Entity and/or Individual" and/or "Entities and/or Individuals" refer to each of the following entities or individuals and extends to any material portion of such names:

a. Agro Pecuária Beldi Ltda.

b. Alexandre Beldi Netto

c. Antonio Roberto Beldi

d. Banco Credibel S.A.

e. Bayham Holdings LLC

f. Belan Limited

g. Beldi Comercio Participações e Representações Ltda

h. Brookline Investments Ltd.

i. Calas Participações Ltda.

j. Camargan Investments Limited

k. Camden Group Investments Limited

l. Chatterton Management Group Limited

m. Credibel Corretora de Seguros S.A.

n. Credibel Holding Financeira S.A.

o. CSM Cartões de Segurança Ltda.

p. Dean Court Limited

q. Delacroix Limited

r. Dresden Group O&G Mgt Ltd

s. Farringdon Investments Limited

t. Ficus Empreendimentos Imobiliários Ltda.

u. Freegold S.A.

v. Heloisa Wey Beldi

w. Kennington Fund Limited

x. Kennington Limited

y. Marco Antonio Beldi

z. Maria Teresa Beldi de Souza

aa. Morus Educacional Participações S.A.

bb. Morus Empreendimentos Imobiliários Ltda.

cc. Pacific Bank Limited

dd. Santana Participações Ltda.

ee. Santana Participações S.A.

ff. Sapoti Empreendimentos Imobiliários S.A.

gg. Selte Serviços Elétricos Telefônicos Ltda.

hh. Splice do Brasil - Telecomunicações e Eletrônica Ltda.

ii. Splice do Brasil - Telecomunicações e Eletrônica S.A.

jj. Strutton Fund Limited

kk. Thais Barros Beldi

ll. Tolvi Participações S.A.

mm. Wendee Inc.

nn. Wivenhoe Holdings Limited

4. “Including” has its standard meaning and also means “including, but not limited to” and “including, without limitation.”

5. “You” and “Your” refers to the Clearing House Payments Company LLC and any of its subsidiaries, affiliates, predecessors, successors, assignees, officers, directors, employees, representatives, and partners or anyone acting for or on its behalf.

## II. Instructions

1. This subpoena is to be regarded as continuing in nature, so that further and more complete and supplemental responses must be provided if you obtain further, more complete, or new information or documents prior to the final disposition of this matter.

2. All documents produced pursuant to this subpoena must be produced as they are kept in the usual course.

3. If a document is redacted or not produced on the ground that it is privileged and therefore not subject to disclosure, the following information must be supplied for each document:

a. the nature of the privilege being claimed;

b. the type of document;

c. general subject matter of the document;

d. the date of the document; and

e. other such information as is sufficient to identify the document including where appropriate, the author(s) of the document, the addressee(s) of the document, the identity of any person who had an opportunity to review such document and, where not apparent, the relationship of the author and the addressee to each other.

4. If any portion of any document is responsive to any document request of this subpoena, the entire document must be produced.

5. All documents are to be produced in the form and in the same order within each file in which they existed prior to production, and the file folders, boxes, or other containers or bindings in which such documents are found are to be produced intact, including the title, labels, or other descriptions of each such folder, box, or other binding container.

6. All documents which cannot be legibly copied must be produced in their original forms.

7. All electronically stored information responsive to this subpoena that are maintained in the usual course in electronic format shall be produced in their native format along with the software necessary to interpret such files if such software is not readily available, with the metadata normally contained within such documents, and the necessary load files. If such metadata is not available, each document shall be accompanied by a listing of all file properties concerning such document, including, but not limited to, all information concerning the date(s) the document was last accessed, created, modified, or distributed, and the author(s) and recipient(s) of the document.

## III. <u>Documents to be Produced</u>

**YOU ARE HEREBY COMMANDED** to produce at said time and place all Documents and Communications, as defined above, relating to the following subjects:

1. For the time period January 1, 2010 to the present, please provide an electronic copy of all wire transfers processed through the Clearing House Interbank Payments System ("CHIPS") in which the name, account number, or address of any of the Individuals and/or Entities appears in the wire/payment message.

**IF THE ESTIMATED CHARGE FOR COPYING THE RECORDS EXCEEDS $500.00, PLEASE CONTACT THIS OFFICE BEFORE PREPARING THE COPIES.**