UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>EX PARTE APPLICATION OF MARIA CLAUDIA BELDI, MARIA INES BELDI, AND ANTONIO FABIO BELDI TO TAKE DISCOVERY FOR USE IN A FOREIGN PROCEEDING UNDER 28 U.S.C. § 1782 | Case No. 24-mc-421 (VEC) |

**~~[PROPOSED]~~ LIMITED CONFIDENTIALITY STIPULATION AND PROPOSED PROTECTIVE ORDER**

**WHEREAS,** Maria Claudia Beldi, Maria Inês Beldi, Antonio Fabio Beldi ("Applicants") commenced this miscellaneous action by making an Application, pursuant to 28 U.S.C. § 1782, to subpoena documents and information in the possession, custody or control of certain financial institutions ("Respondents") relating to Antonio Roberto Beldi, Marco Antonio Beldi and Maria Theresa Beldi de Souza, Thais Barros Beldi and various entities one or more of them own or manage[1] ("Opposing Intervenors") for use in certain ongoing Brazilian probate proceedings;

**WHEREAS,** Maria Heloisa Beldi, Maria de Lourdes Beldi ("Supporting Intervenors") appeared in this action in support of the Application;

[1] Those entities are Agro Pecuária Beldi Ltda., Brookline Investments Ltd., Calas Participações Ltda., Credibel Corretora de Seguros S.A., Credibel Holding Financeira S.A., CSM Cartões de Segurança Ltda., Ficus Empreendimentos Imobiliários Ltda., Morus Educacional Participações S.A., Morus Empreendimentos Imobiliários Ltda., Santana Participações Ltda., Sapoti Empreendimentos Imobiliários S.A., Selte Serviços Elétricos Telefônicos Ltda., Splice do Brasil - Telecomunicações e Eletrônica S.A., and Tolvi Participações S.A.

**WHEREAS,** Opposing Intervenors appeared in this action in opposition to the Application;

**WHEREAS,** by its Opinion & Order dated May 21, 2026, this Court affirmed its prior *ex parte* order granting the Application and overruled Opposing Intervenors' motion to vacate and quash the subpoenas previously issued to Respondents thereunder;

**WHEREAS,** in accordance with the Opinion & Order, each Respondent financial institution is required to produce certain documents and information in response to subpoenas issued in this action ("Discovery Material");

**WHEREAS,** Applicants, Supporting Intervenors and Opposing Intervenors (the "Parties") wish to agree, stipulate and have this Court so-order their agreement and stipulation concerning the confidential nature of the Discovery Materials;

**WHEREAS,** the Parties agree that this stipulation and protective order should be limited to this purpose and that nothing herein may be construed as (a) consent that the Discovery Material may be used in any judicial or arbitral proceeding, whether in Brazil, the United States, or in any other country ("Other Proceeding'), or (b) a prohibition or limitation on the attempted use of the Discovery Material in any Other Proceeding. The Parties reserve all rights with regard to the use, filing, submission, disclosure, admissibility, relevance, scope, lawfulness, discoverability, proper use, and probative value of the Discovery Material, including the right to object to, challenge, oppose, or seek restrictions on any attempted use, filing, submission, disclosure, or admission of the Discovery Material in all Other Proceedings. The decision as to whether the Discovery Material is admissible in any Other Proceeding shall be made solely by the tribunal presiding over such Other Proceeding; and

**WHEREAS,** in consideration of the agreements and stipulations set forth herein, Opposing Intervenors agree to withdraw and not seek to reinstate their pending appeal from, not to commence

any new appeal from and not seek a stay of, the Court's May 21, 2026 Opinion & Order denying the Motion to Vacate and Quash, without prejudice to all rights and objections expressly preserved below.

**IT IS HEREBY STIPULATED AND ORDERED as follows:**

1. **Confidential Information.** All Discovery Material is designated as "Confidential," and all copies, excerpts, summaries, analyses, compilations, notes, transcripts, or other materials that contain, quote, summarize, describe, or reflect such designated Discovery Material, shall be treated as confidential ("Confidential Information"). This stipulation and protective order does not apply to documents or information that is or becomes publicly available other than as a result of a breach of this stipulation and order (the "Order").

2. **Sole Purpose of this Order.** This Order is limited to governing the confidentiality of the Confidential Information and the obligations any Party seeking to use Confidential Material in any Other Proceeding shall undertake in an effort to preserve its confidentiality. Nothing in this Order is intended to be or shall be construed as proscribing, limiting or otherwise impacting the obligations of Respondent financial institutions to fully and timely comply with the subpoenas issued in this action. In addition, nothing in this order is intended to be or shall be construed as impacting or in any way affecting the discretion or decision-making process of any presiding tribunal in any Other Proceeding regarding the use, filing, submission, disclosure, relevance, admissibility, discoverability, scope, lawfulness, or probative value of any Confidential Information.

3. **Confidentiality Obligations.** Each Party, their legal advisors, and any Qualified Person (defined below) receiving Confidential Information from such Party in compliance with this Order shall (i) maintain such Confidential Information in strict confidence and adopt reasonable and

appropriate measures to prevent unauthorized access, disclosure, publication, dissemination, reproduction, or use other than as permitted by this Order, and (ii) not disclose Confidential Information except in accordance with the terms and limitations of this Order. Any of the following shall be a "Qualified Person": (a) retained professional advisors of any Party, and (b) any person a Party determines needs to know the Confidential Information in connection with such Party's participation in any Other Proceeding. Any Qualified Person must execute and provide such Party with a copy of a Protective Order Acknowledgment in the form annexed as Exhibit A hereto prior to receiving any Confidential Information. For the avoidance of doubt, the requirement regarding the signing of Exhibit A shall not apply to attorneys and legal advisors for the Applicants and / or Supporting Intervenors in any jurisdiction, but the obligations of this Protective Order shall apply to such attorneys and legal advisors for the Applicants and / or Supporting Intervenors. Subject to Paragraphs 4 and 5 herein, no Party, their legal advisors, or Qualified Person may publicly file, publish, circulate, disseminate, or otherwise make publicly available any Confidential Information, unless required by applicable law or as ordered or otherwise directed by any Judge, judicial clerk, arbitrator, employee or authorized agent of any court or tribunal in any Other Proceeding (any such person a "Judicial Person"). For the avoidance of doubt, the confidentiality obligations of this Paragraph 3 shall not apply to any Judicial Person to which Confidential Information is submitted in connection with an Other Proceeding.

**4. Confidential Information in Other Proceedings.** Notwithstanding anything to the contrary in any other provisions of this Order, any Party (or legal advisors/Qualified Persons acting on its behalf) that seeks to file, submit, disclose, rely upon or otherwise use Confidential Information in any Other Proceeding must do so only to or before the Judicial Persons of such court or tribunal through established channels for submission of information or documents to such

court or tribunal together with a copy of this Order and a request that such court or tribunal maintain such Confidential Information under seal, with restricted access, or subject to any equivalent confidentiality protection available under the applicable law. For the avoidance of doubt, nothing in this Order is intended to be or shall be construed to bind such court or tribunal or otherwise limit its authority to decide under its governing law whether and/or how Confidential Information it receives should be admitted, considered, weighed in proceedings before it and otherwise used by Judicial Persons of such court or tribunal, including whether and to what extent such Confidential Information or any decisions issued by such court or tribunal referencing such Confidential Information must be maintained under seal, with restricted access, or subject to any equivalent confidentiality protection available under applicable law. If any court or tribunal denies the request for confidentiality or seal under its local laws, the submitting Party shall not be deemed in breach of this Order and may proceed with the submission as directed or permitted by the respective court or tribunal.

**5. Compulsory Process.** If any Party, its legal advisors, or Qualified Person with access to Confidential Information receives a subpoena, order, request, or other compulsory process seeking disclosure of Confidential Information, that Party, its legal advisors, or Qualified Person shall promptly notify all other Parties in writing, provide a copy of the demand, inform the requesting person or authority that the material is subject to this Order, and reasonably cooperate to allow any other Party wishing to do so to seek appropriate protection, to the extent legally permissible and reasonably feasible within the timeframe mandated by the respective court or authority. Notwithstanding the foregoing measures, the Party subject to compulsory process (or legal advisors/Qualified Persons acting on its behalf) may proceed with compliance with the

compulsory process, while taking all reasonable measures to preserve the confidentiality of the Confidential Information in accordance with this Order.

**6. Unauthorized Disclosure; Remedies.** If any Party (or legal advisors/Qualified Persons acting on its behalf) becomes aware that Confidential Information in its possession, custody or control has been disclosed to any person or in any manner not unauthorized by this Order ("Unauthorized Disclosure"), that Party (or legal advisors/Qualified Person acting on its behalf) shall promptly notify all other Parties in writing, use best efforts to retrieve or secure the return or destruction of the disclosed Confidential Information, and take reasonable steps to prevent any further Unauthorized Disclosures. In the event of an Unauthorized Disclosure by a Party (or legal advisors/Qualified Persons acting on its behalf), any other Party may seek an order from this Court determining that such Unauthorized Disclosure was a willful violation of this Order. If, after notice and an opportunity to be heard and submit counter evidence, any Party is determined by this Court to have willfully disclosed Confidential Information in violation of the terms of this Order (by its own actions or as a result of a willful disclosure by legal advisors or Qualified Person acting on its behalf), such Party may be held in contempt, which may include injunctive relief and/or a monetary fine imposed by this Court, in its sole discretion, provided no consequential or punitive damages may be assessed. If any Party seeks such determination from this Court against any other Party, each party shall bear its own costs and attorneys' fees, unless the Court finds bad faith on the part of the non-prevailing party. For the avoidance of doubt, no Party shall be sanctioned or otherwise held liable for any damages in the absence of a determination by this Court that they acted in willful violation of this Order. For the further avoidance of doubt, no Party shall be sanctioned or otherwise held liable for any damages if a Judicial Person discloses Confidential Information, so

long as the Party (or legal advisors/Qualified Persons acting on its behalf) complied with the obligations set forth in Paragraph 4 herein.

**7. Opposing Intervenors' Agreement Not to Appeal or Seek a Stay.** Upon entry of this Order by the Court, Opposing Intervenors agree (a) to voluntarily dismiss their pending appeal from the Court's May 21, 2026 Opinion & Order denying the Motion to Vacate and Quash, CA2 Case No. 26-1716, and (b) so long as this Order remains in effect, not to pursue any further appeal from (by reinstatement of its dismissed appeal, new appeal or otherwise), nor seek any stay of, the Court's May 21, 2026 Opinion & Order denying the Motion to Vacate and Quash. This agreement is strictly limited to the appeal and stay rights arising from that Opinion & Order and shall not be construed as a waiver of any objection, defense, right, claim, or legal position held or maintained by Opposing Intervenors in any Other Proceeding. For the avoidance of doubt, Applicants and Supporting Intervenors (i) do not consent to Opposing Intervenors pursuing an appeal from, or seeking a stay of, the Court's May 21, 2026 Opinion & Order, (ii) are not hereby acknowledging or admitting the validity or timeliness of the pending appeal or any future appeal pursued or stay sought by Opposing Intervenors following entry of this Order, and (iii) hereby expressly reserve and do not waive all rights to contest, oppose on any ground, and otherwise defend against such an appeal or stay request.

**8. Survival, Modification and Jurisdiction.** The obligations imposed by this Order shall survive the termination of this action. Any Party may apply for modification of this Order for good cause shown. This Court shall retain jurisdiction to enforce or modify this Order and to impose remedies and sanctions for violations of its terms in accordance with Paragraph 6 above.

**9. Providing Copies.** Applicants and Supporting Intervenors shall provide a copy of all Discovery Material to Opposing Intervenors within 7 days of receipt from Respondents.

**SO STIPULATED AND AGREED.**

Dated: July 16, 2026
New York, NY

**KING & RUIZ LLP**

*/s/ Stephen Halpin*
Stephen R. Halpin III
45 Rockefeller Plaza, 20th Floor
New York, New York 10111
Tel.: (212) 500-6499
shalpin@kingruiz.com

Gabriela M. Ruiz (admitted pro hac vice)
2 Biscayne Blvd., Suite 3200
Miami, Florida 33131
Tel.: (305) 395-4984
gruiz@kingruiz.com

*Attorneys for Applicants*

**QUINN EMANUEL URQUHART & SULLIVAN LLP**

*/s/ John Scanlon*
John ("Fritz") Scanlon
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
555 13th Street NW, 6th Floor
Washington, D.C. 20004
(202) 538-8000

*Attorneys for Opposing Intervenors*

**BAIRD HOLM LLP**

*/s/ Jeremy Hollembeak*
Jeremy C. Hollembeak
1700 Farnam Street, Suite 1500
Omaha, NE 68102-2068
Tel.: (402) 636-8317
jhollembeak@bairdholm.com

*Attorneys for Supporting Intervenors*

**SO ORDERED.**

Dated: July 17, 2026
New York, NY

Valerie Caproni

Hon. Valerie E. Caproni
United States District Judge

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, ________________________________, acknowledge that I have read and understand the Limited Confidentiality Stipulation and Protective Order entered in the above-captioned action. I agree to be bound by its terms and to maintain all Confidential Information in strict confidence. I will not disclose, publish, disseminate, reproduce, or use any Confidential Information except as expressly permitted by the Order or by further order of a court of competent jurisdiction.

I understand that nothing in the Order authorizes or constitutes consent to the relevance, admissibility, or probative value of any Confidential Information in any judicial or arbitral proceeding, whether in Brazil, the United States, or in any other country.

I understand that any willful violation of the Order may subject me to punishment for contempt of Court and that I submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of enforcement of the Order.

Dated: __________________, 20__

Name: ________________________________

Signature: _____________________________

Signed in the presence of: _____________________________